J-S58037-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID JAMES BRIGANTI | : | |
| | : | |
| Appellant | : | No. 763 WDA 2019 |

Appeal from the Judgment of Sentence Entered March 27, 2019
In the Court of Common Pleas of Potter County Criminal Division at
No(s):  CP-53-CR-0000119-2018

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    FILED FEBRUARY 4, 2020

Appellant appeals from the Judgment of Sentence of 48 hours' to 6 months' incarceration imposed following a stipulated bench trial on DUI-High Rate of Alcohol,[1] DUI-General Impairment,[2] and related traffic offenses.  He challenges the court's refusal to sentence him to the accelerated rehabilitative disposition ("ARD") program, and asserts that the court erred in admitting evidence pertaining to a prior DUI arrest during a pre-trial hearing on his Motion to Find the District Attorney Abused His Discretion in Denying ARD and to Compel ARD.  After careful consideration, we affirm.

The trial court set forth the facts underlying Appellant's convictions as follows:

_____

[1] 75 Pa.C.S. § 3802(b).

[2] 75 Pa.C.S. 3802(a)(1).

[O]n April 14, 2018, [Pennsylvania State Police ("PSP")] Trooper Andrew Book was on patrol on Costello Road, Portage township, Potter County, [ ] when he observed [Appellant] operating his Jeep Wrangler on said roadway. Trooper Book observed [Appellant's] vehicle cross the double yellow line on four occasions within one mile. After these observations[,] Trooper Book activated his emergency lighting and [Appellant] pulled his vehicle onto the berm of the road without activating his turn signal.

Upon approaching the vehicle[,] Trooper Book detected a strong odor of alcohol emanating from [Appellant] and [Appellant] was observed to have bloodshot eyes. [Appellant] denied drinking any alcohol, then admitted to drinking "a couple" having recently left a local bar. After administering field sobriety tests which produced clues of impairment, [Appellant] was placed under arrest and he submitted to a blood draw at UPMC Cole Hospital in Coudersport[.] The blood was transported to NMS laboratory for analysis and the results of the testing indicated a blood alcohol concentration in [Appellant's] blood of .147 at the time of the operation of the vehicle.

Trial Ct. Findings, Discussion and Order, dated Feb. 7, 2019, at 1-2.

The Commonwealth filed a criminal information. On June 11, 2018, Appellant submitted an application for ARD to the Potter County District Attorney ("DA"), disclosing that in August 2013, the State of Ohio had charged him with a DUI.[3] "The DUI was dismissed and [he] plead[ed] guilty to reckless operation." Appellant's Application for Accelerated Rehabilitation, dated 6/11/[18[4]] - Comm. Exh. 1.

On June 12, 2018, the Court Reporting Network ("CRN") of Potter County provided the DA with its Pennsylvania Alcohol Highway Safety Program

_____

[3] Appellant lives in Ohio.

[4] Appellant dated the Application as signed in 1970, the year of his birth.

report ("CRN report") indicating that Appellant's BAC was .14% at the time of his arrest and his Mortimer Filkins[5] score was 40, which indicated that Appellant is a "problem drinker." See CRN Report, dated 6/12/18 - Comm. Exh. 4.

After reviewing Appellant's ARD application and the CRN report, the DA advised Appellant's attorney by letter dated June 14, 2018, that he would not submit Appellant's case for ARD, noting Appellant's self-reported DUI arrest history. The DA stated that he would, however, suggest intermediate punishment to the sentencing court.

Upon Appellant's request, the DA, Appellant's counsel, and Appellant thereafter met on August 1, 2018, where Appellant's counsel requested reconsideration of the prosecutor's ARD decision. See N.T. Hearing, 10/4/18, at 6. In response, the DA requested that Appellant provide more information about the dismissal of the Ohio DUI. Appellant's counsel refused to allow Appellant to provide any further information and the DA told them that he himself would contact the relevant Ohio police department before reconsidering his ARD decision.

_____

[5] The Mortimer Filkins test is a questionnaire officials give to DUI offenders during a post-arrest evaluation to determine whether they are problem drinkers. See Driver Risk Inventory (DRI), an Inventory of Scientific Findings at https://www.ncjrs.gov/pdffiles1/Photocopy/142543NCJRS.pdf (reviewing various driver risk assessments given to DUI offenders).

Immediately after that conference, that same day, Appellant filed a Motion to Find District Attorney Abused his Discretion in denying ARD, and sought an Order to compel ARD. See Motion, filed 8/1/18.

The court held a hearing on the Motion on October 4, 2018. The DA testified that he sought the Ohio documents to assist in the reconsideration of his ARD decision after the meeting with Appellant and his counsel, stating: "What I was looking for[:] was there a suppression hearing? Was there a reason that DUI was legally invalid? Was there a problem with the testing machine for blood or breath, give me something mitigating so I can consider ARD." N.T. Hearing at 6-7. Appellant's counsel objected to that testimony as "speculation and also my client has right to remain silent[.]" Id. at 7. The court noted, inter alia, that there was no jury present and stated: "I'm not going to sustain the objection at this point." Id.

The following exchange then occurred:

DA: I think the Court needs to know the whole truth of this conversation and to figure out why I had to go extra mile to get certain information. At that point, Your Honor, [Appellant] was being[,] I'll say[,] cooperative. [Appellant's counsel] immediately took a defensive posture, would not share any information on the prior DUI to give me some mitigating factors to consider. If you want me to bend on my decision, I informed them, I will gladly consider that, give me something to go on, give me a reason and he would not. I said then finally fine we'll do it hard way. I told him I was going to contact Wickliffe Police Department in Ohio [to] get all the background information on the arrest, once I receive that I would share it with them. So I did receive that information from Wickliff Police Department. I shared this with [Appellant's counsel].

> [Appellant's Counsel]:   I'll object to admission of that, it's all hearsay.
>
> DA:   Not being offered to prove the matter asserted, but what was my state of mind in reviewing this matter for an ARD.
>
> [Appellant's Counsel]:   His state of mind was June 14th, Your Honor, I'll object to those documents.[6]
>
> The Court:   This letter comes in after your letter indicating that you would not offer him the ARD on June 14, [DA]?
>
> DA:   Correct. Then we had a criminal conference where I told them I would consider, but you have to give me some mitigating factors.  Tell me more about the Ohio arrest because there's not much information, we don't have any information at that point because it's not on his rap sheet, it's very very general on the ARD application that you just had [a] DUI arrest that was pled down.  So I told them I would reconsider, give mitigating factors. . . .

Id. at 7-8 (emphasis added).

The judge then decided to receive the letter and police report obtained from the Ohio police department "conditionally with the objection noted," stating that he would consider Appellant's objection "over the next couple hours." N.T., 10/4/18, at 9.

After the DA testified as to some of the contents of the Ohio police report, the defense counsel made one more non-specific objection.  See id. at 9 (stating "I object to the facts of an allegation that had never been proven

_____

[6] Arguably, this statement alludes to the relevancy of the testimony.  However, because Appellant did not specifically assert an objection based on relevance, any challenge to relevancy is waived. See Commonwealth v. Baumhammers, 960 A.2d 59, 84 (Pa. 2008) (stating "the absence of a specific contemporaneous objection renders the appellant's claim waived" (citation omitted)).

true from another state"). The court again recognized Appellant's continuing objection. Id. at 10. The DA then put all of the allegations and information contained in the Ohio police report in the record through his testimony.

The DA also testified that in rendering his June 14, 2018 ARD decision, he reviewed the CRN report on June 12, 2018, showing Appellant's high BAC level of .14% in connection with the instant charge, and his risk assessment score of 40 indicating that Appellant is a "problem drinker." Id. at 11-12. See also CRN Report - Comm. Exh. 4.

In addition, the DA stated that, in general, when he renders an ARD decision, he considers the protection of society by looking at an offender's driving history, poor behavior, and "the fact that they were given previous breaks in the past and did not seem to help and did not seem to assist in rehabilitation." N.T. Hearing at 15. He also considers whether an offender is from out of state because there would be no "hands on supervision" and "our officers are not going to go to Ohio to test him." Id. at 15-16. The DA also stated that he consistently errs on the side of caution with respect to the public's safety when considering whether ARD submission is appropriate for a DUI offender. See id. at 17 (stating "when it comes to DUI and certain circumstances I'm probably overly strict.").

On November 16, 2018, the court denied Appellant's Motion to Find District Attorney Abused his Discretion and declined to compel ARD. See Tr. Ct. Opinion and Order, dated 11/16/18, at 3 (unpaginated). The court emphasized the DA's reliance on Appellant's ARD Application and the CRN

report, id. at 1, before concluding, after a review of case law, that the DA's stated reasons for denying ARD were "logical." Id. at 3. In its Opinion, the trial court did not mention the Ohio police report or the prosecutor's testimony regarding that report.[7]

Appellant waived a jury trial and entered a stipulation for the trial court to consider only PSP Trooper Book's affidavit of probable cause and the Pennsylvania laboratory report to render its verdict on the DUI charge. On February 7, 2019, the court found Appellant guilty of the above DUI offenses, as well as one count each of Disregard of Traffic Lane, Turning Movements and Required Signals, and Careless Driving.[8]

On March 27, 2019, after reviewing a pre-sentence investigation report, the court sentenced Appellant to, inter alia, 48 hours' to 6 months' incarceration. Appellant filed a Post Sentence Motion that the court denied on May 1, 2019.

Appellant timely appealed to this Court. He raises the following issues for our review:

> 1. The trial court abused its discretion by allowing the Commonwealth to introduce hearsay evidence into the record without any foundation related to the charges [Appellant] previously faced in Ohio[.]

_____

[7] Nothing in the record indicates that the court explicitly ruled on Appellant's outstanding objections.

[8] 75 Pa.C.S. §§ 3309(1), 3334(a), and 3714(a), respectively.

2.  The Commonwealth abused its discretion in denying Appellant entry into the ARD program[.9]

Appellant's Br. at 3.

In his first issue, Appellant asserts that the court erred in admitting over his objection the DA's testimony about the Ohio police report and the report itself during the pre-trial hearing on his Motion to Find District Attorney Abused His Discretion in refusing to submit the case for ARD. Appellant's Brief at 9. He contends that he raised objections based on hearsay, lack of foundation, and Confrontation Clause violations. Id. at 12.  However, our review indicates he raised a specific objection based only on hearsay.[10]

_____

[9] This Court reviews trial court decisions, not the exercise of the Commonwealth's discretion.  However, despite the wording of his question presented, it is clear from Appellant's Brief that he is challenging the trial court's denial of his Motion seeking a finding that the DA abused his discretion in refusing to submit the case for ARD and the court's denial of an order from the trial court compelling ARD.

[10] Appellant directs our attention to page 10 of the hearing transcript pertaining to his objection to the admission of the police report, as transcribed on page 9, which was to the admission of "the facts of an allegation that had never been proven true from another state."  N.T. Hearing at 9.  This objection does not contain a specific objection that we could interpret as lack of foundation or a Confrontation Clause violation.  Accordingly, these evidentiary challenges pertaining to lack of foundation and Confrontation Clause violations are waived. Commonwealth v. Tha, 64 A.3d 704, 713 (Pa. Super. 2013) (citation omitted)("We have long held that '[f]ailure to raise a contemporaneous objection to the evidence at trial waives that claim on appeal."). See also Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Commonwealth v. Wanner, 158 A.3d 714, 717 (Pa. Super. 2017) (noting that an appellant may not raise "a new and different theory of relief" for the first time on appeal (quoting Commonwealth v. York, 465 A.2d 1028, 1032 (Pa. Super. 1983)).

Our standard of review concerning a challenge to the admissibility of evidence is as follows:

> The admissibility of evidence is a matter for the discretion of the trial court and a ruling thereon will be reversed on appeal only upon a showing that the trial court committed an abuse of discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

Commonwealth v. Johnson, 42 A.3d 1017, 1027 (Pa. 2012) (internal citations and quotation marks omitted).

Hearsay is an out-of-court statement offered for the truth of the matter asserted. Pa.R.E. 801(c). It is generally inadmissible unless it falls within one of the exceptions to the hearsay rule delineated in the Rules of Evidence. Commonwealth v. Busanet, 54 A.3d 35, 68 (Pa. 2012). "An out-of-court statement is not hearsay when it has a purpose other than to convince the fact finder of the truth of the statement[,]" such as motive or the effect on the listener. Id. See Pa.R.E. 803 (noting exceptions to hearsay rule).

Appellant argues that the DA's testimony about the Ohio police report and the report itself were hearsay admitted for the truth of the matter, that is "[t]he [DA] was clearly using this information about Appellant's prior issue in Ohio against Appellant in his consideration for Appellant being eligible for the ARD program." Appellant's Br. at 14. Appellant's argument warrants no relief.

The DA's testimony included a statement of how he approaches sentencing recommendations with respect to DUI offenders in general, with particular emphasis on his heightened concern for the safety of the public. The evidence to which Appellant specifically objected as hearsay pertained to the DA's process taken, including obtaining information from Ohio, in response to Appellant's request for reconsideration of the DA's ARD decision. The Commonwealth did not offer that evidence for the truth of the matter asserted. Therefore, the evidence was not hearsay and the court did not abuse its discretion in admitting it.

Moreover, in its Opinion and Order denying Appellant's Motion, the trial court made no mention of the Ohio police report or any other evidence pertaining to the District Attorney's post-June 14, 2018 actions. Rather, the court noted only that the District Attorney testified under oath that he reviewed the results of the June 12, 2018 CRN report in conjunction with Appellant's ARD application before writing the June 14, 2018 letter informing Appellant's attorney he would not recommend ARD. See Opinion and Order, dated Nov. 16, 2018. Thus, it appears that the court did not put any weight on the Ohio evidence in rendering its denial of Appellant's Motion to Find the District Attorney Abused His Discretion. Accordingly, even if we were to conclude that evidence was inadmissible hearsay, we would consider the court's error as harmless because the court gave it no weight.

In his second issue, Appellant contends that the Commonwealth abused its discretion in denying ARD submission because "Appellant was never

previously convicted of any prior DUI offenses or an[y] other misdemeanor or felony offenses." Appellant's Br. at 17. Rather, "Appellant was previously charged with a DUI offense that was dismissed and he pled to the offense of Reckless Operation. . . . [T]he District Attorney used this previous non-conviction against Appellant to preclude [him] from the ARD Program." Appellant's Br. at 17.

ARD is a privilege; it is not a right owed to a defendant. Commonwealth v. Lutz, 495 A.2d 928, 933 (Pa. 1985). As the Pennsylvania Supreme Court has recognized:

> Our restrictive approach to admission to ARD programs is intentional and purposeful, for it ensures that no criminal defendant will be admitted to ARD unless the party to the case who represents the interests of the Commonwealth, the district attorney, has made the determination that a particular case is best handled by suspending the prosecution pending the successful completion of a diversionary ARD program. Society has no interest in blindly maximizing the number of ARD's passing through the criminal justice system, and the criminal defendant has no right to demand that he be placed on ARD merely because any particular offense is his first.

Id.

Thus, under our rules of criminal procedure, district attorneys "have the sole discretion in any criminal case, including drunk driving cases, to move for the admission of a defendant into ARD." Id. at 932. See also Pa.R.Crim.P. 310 ("After criminal proceedings in a court case have been instituted, the attorney for the Commonwealth may move . . . that a case be considered for [ARD]." (emphasis added)). Our review is informed by the following:

> [T]he decision to submit the case for ARD rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admission to ARD wholly, patently and without doubt unrelated to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender.

Lutz, supra at 935 (emphasis in original).

"While the district attorney's discretion is broad, and appellate review of such decisions is narrow, the district attorney's power is not completely unfettered and is subject to the following judicially imposed restrictions: 1) an open, on-the-record specification of reasons which are 2) related to society's protection or the defendant's rehabilitation." Commonwealth v. Morrow, 650 A.2d 907, 910–11 (Pa. Super. 1994) (citation omitted).

Appellant argues that the DA abused his discretion "in denying a person placement on ARD for merely being charged with a DUI in the past and only being convicted of a summary traffic ticket equivalent." Appellant's Br. at 20. In addition to ignoring the other evidence considered by the DA, Appellant does not support this statement with citation to any case law that holds the DA may not consider a prior charge at all in rendering an ARD decision.

In fact, in rendering his ARD decision, the DA considered not only Appellant's admission that he had been charged with a DUI in Ohio in 2013, but also the CRN report, which indicated that Appellant had a serious drinking problem. The DA then balanced those facts against public safety concerns.

The trial court characterized the prosecutor's reasoning as "logical" and our review of the record supports that conclusion. The record demonstrates that the prosecutor's decision to decline ARD submission did not "involve[e] some criteria . . . wholly, patently and without doubt unrelated to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations."  Lutz, supra at 935.  Accordingly, this issue merits no relief.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/4/2020